# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHERINE RANOS, on behalf of herself and all others similarly situated, ) ) ) PLAINTIFF, ) ) v. ) ) MERCANTILE ADJUSTMENT ) BUREAU, LLC ) ) DEFENDANT. ) | Civil Action No. 17-cv-06875<br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Katherine Ranos, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 452/2 ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent a collection letter to Plaintiff which failed to adequately disclose the amount of an alleged debt.

4. Plaintiff has a congressionally defined right to receive debt collection communications that adequately and effectively disclose this information.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Katherine Ranos ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Bank of America N.A. consumer credit account, ending in 3420. Plaintiff is thus a consumer as that term is defined at 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the ICAA.

7. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile") is a New York limited liability company with its registered agent National Registered Agents, Inc., at 208 So. LaSalle St., Suite 814, Chicago, 60604. Mercantile conducts business in Illinois. (Exhibit A, Record from Illinois Secretary of State).

8. Mercantile is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others from Illinois consumers.

9. Mercantile holds a collection agency license from the State of Illinois and is a licensed Collection Agency, and attempts to collect debts originally owed to others. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. Mercantile regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Bank of America N.A. consumer credit account, account number ending in 3420 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

13. On or about May 12, 2017, Defendant sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

14. The Letter communicated various credit information to Plaintiff, including an account number, and the identity of the current creditor.

15. The Letter was thus a "communication" as that term is defined at 1692a(2) of the FDCPA.

16. The Letter was Mercantile's initial communication to Plaintiff.

17. The Letter initially conveys various credit information to Plaintiff stating:

**Creditor:** **Bank of America, N.A.**
**Account Number:** ************3420
**Reference Number:** 26789752 JC4
**Current Balance:** **$16,631.90**

18. Mercantile conveyed a balance of $16,631.90 on Plaintiff's alleged Bank of America Account, account number ending in 3420.

19. Later in the same letter, the letter states the balance of the alleged debt ending in 3420 as $12,529.81, not $16,631.90

20. One of the amounts must be false as Plaintiff cannot owe two different amounts on the same credit card.

21. Defendant has therefore failed to adequately convey the amount of the alleged debt, as required by the FDCPA.

22. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (5) the amount of the debt. . . .**

23. Mercantile failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. 1692g(a)(1).

24. It is well settled that an incomplete statement of the section 1692g(a)(1) through (5) information violates the Act. *See, e.g. Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982); *Lombardi v. Columbia Recovery Group, L.L.C.*, 2013 WL 5569465 (W.D. Wash. Oct. 9, 2013) (omitted "any portion" of the debt); *Wilson v. Mattleman, Weinroth & Miller*, 2013 WL 2649507 (D.N.J. June 12, 2013) (failed to state that the debt would be assumed valid); *Wenig v. Messerli & Kramer P.A.*, 2013 WL 1176062 (D. Minn. Mar. 21, 2013) (failed to state the thirty-day time period in which to submit a written dispute); *Welker v. Law Office of Horwitz*, 626 F. Supp. 2d 1068 (S.D. Cal. 2009) (notice of written request requirement); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736 (N.D. Ill. 2003) (failure to state any portion of debt may be disputed and omitting words "in writing").

25. 225 ILCS 425/9.3 of the ICAA prohibits the following:

> **. . . (a) Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:**
>
> **(1) The amount of the debt . . .**

26. Mercantile failed to adequately state the amount of the debt in its initial communication to Plaintiff, in violation of 225 ILCS 425/9.3 of the ICAA.

27. Due to Defendant's communication, Plaintiff experienced negative emotions including confusion, frustration, aggravation, and other garden variety emotional distress.

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

29. Plaintiff, Katherine Ranos, brings this action individually and on behalf of a class, described as (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect on a defaulted Bank of America account (3) using an initial letter substantially similar to that of Exhibit C (the "Class").

30. Since Exhibit C is a form letter, the Class is likely to consist of more than 40 persons from whom Defendant attempted to collect a debt using the Collection Letter attached as Exhibit C.

31. Plaintiff Ranos' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all

members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of each Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

33. Plaintiff Ranos will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Ranos has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS

34. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

35. Mercantile failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. 1692g(a)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C. Such other or further relief as the Court deems proper.

### COUNT II—ILLINOIS COLLECTION AGENCY ACT—INDIVIDUAL

30. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

31. Mercantile filed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 225 ILCS 425/9.3 of the ICAA.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

        A.    Compensatory and punitive damages;

        B.    Costs: and

        C.    Such other or further relief as the Court deems proper

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
Holly McCurdy
Sarah Barnes
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com